IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | 16-cv-00391 |
| | ) | |
| CITY OF ESPAÑOLA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, the United States of America, by and through its undersigned attorneys, for itself and in its capacity as trustee for the Pueblo of Santa Clara ("Pueblo"), brings this action against the City of Española ("City") and states the following as its complaint against the City:

## INTRODUCTION

1. This is a civil action for trespass, damages, declaratory relief, ejectment, and injunctive relief to remedy the City's intentional and unauthorized use and occupancy of lands owned by the Pueblo subject to Federal authority, supervision, and restrictions against alienation.

2. The U.S. Department of the Interior's Bureau of Indian Affairs ("BIA") granted the City two separate rights-of-way for water and sewer lines across Pueblo land: on March 14, 1984 for Right-of-Way No. NPA-84-SC-20 ("ROW SC-20"); and on July 30, 1984 for Right-of-Way No. NPA-84-SC-50 ("ROW SC-50").   The BIA granted the rights-of-way, with the Pueblo's consent, pursuant to the Indian Right-of-Way Act, 25 U.S.C. §§ 323-328, and the implementing regulations found in 25 C.F.R. Part 169 ("ROW Act").

3. ROW SC-20 expired on March 31, 2002.   ROW SC-50 expired on July 29, 1994. Contrary to the ROW Act, the City failed to submit renewal applications for these rights-of-way and has not applied for new rights-of-way.   The City continues to use the

1

Pueblo lands, formerly denominated by ROW SC-20 and ROW SC-50, unlawfully without a valid grant or authority.

4.   In remedy for the City's ongoing trespass on Pueblo lands, the United States brings this action.   The United States prefers that the parties reach a negotiated resolution that allows the City's water and sewer lines to remain in place pursuant to the ROW Act.   If a negotiated resolution is not possible, the United States seeks all just and appropriate remedies, including, but not limited to, a declaration that the City is in trespass; damages or mesne profits in compensation for the past unlawful use and occupancy; and, if the City refuses to comply with the ROW Act, ejectment from further unauthorized and unlawful use of the Pueblo's land and restoration and remediation of the damaged and degraded property.

**JURISDICTION AND VENUE**

5.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 (Federal Question), 1345 (United States as Plaintiff), and 2201-2202 (Declaratory Judgments).

6.   Venue properly lies in this District under 28 U.S.C. § 1391(b), as the subject property is located in Rio Arriba County, New Mexico, and the acts and occurrences which give rise to this action occurred in that County.

**PARTIES**

7.   Plaintiff is the sovereign United States of America suing on its own behalf and in its capacity as trustee for the Pueblo.

8.   The Pueblo is a federally recognized Indian tribe eligible for funding and services from the United States.   81 Fed. Reg. 5019, 5022 (Jan. 29, 2016).

9.   The City is a municipal corporation situated within the Counties of Rio Arriba and Santa Fe.

2

**FACTS**

10.    Through "grants" authorized in 1689, the King of Spain recognized the right of the Pueblos of New Mexico, including the Pueblo of Santa Clara, to control and claim ownership of the territory they occupied and the water needed for their economies.

11.    The Pueblo's original Spanish land grant was confirmed by the United States Congress in the Act of December 22, 1858, 11 Stat. 374.   On November 1, 1864, a patent for the lands, signed by President Lincoln, was issued.

12.    A second Spanish grant, the "Shoestring Grant," recognized Pueblo ownership of land on July 19, 1763.   That grant was confirmed by decree of the Court of Private Land Claims dated September 29, 1894.   On November 15, 1909, a patent for the lands, signed by President Taft, was issued.

13.    Much of the City is located within the boundaries of the Spanish land grants owned by the Pueblo.   In proceedings conducted before the Pueblo Lands Board pursuant to the Pueblo Lands Act of 1924, 43 Stat. 636, and on judicial review of the Board's decision, it was determined that the Pueblo lost title to 4,317 acres of land to non-Indians under the Act.

14.    The Pueblo retains fee ownership, subject to Federal authority, supervision, and restrictions against alienation, of all the lands patented to it, less the acreage patented to non-Indians under the Pueblo Lands Act.   Tracts of privately owned, non-Indian land thus lie amidst the Pueblo's lands constituting the subject matter of this Complaint.

15.    The United States, acting through the BIA, administers, on behalf of the Pueblo, the subject property and is legally entitled to possession and control of that property.

16.    Pursuant to the ROW Act, the BIA is authorized to grant rights-of-way over the Pueblo's restricted lands.   Among other things, the ROW Act requires that just compensation be

paid for any right-of-way granted and that the BIA obtain the Pueblo's consent prior to any grant.

17.    On March 14, 1984, exercising its authority under the ROW Act, the BIA granted the City ROW SC-20 across lands of the Pueblo for "the operation and maintenance of sewer and water lines in place and for no other purposes" and which covered "four miles, more or less, of sewer and water lines located within the City of Espanola."   A copy of the grant of easement issued to the City by the BIA for ROW SC-20 is attached as Exhibit 1.

18.    The term of ROW SC-20 was twenty (20) years, retroactively beginning April 1, 1982, and expiring March 31, 2002.

19.    The location of the water and sewer lines covered by the grant of easement was provided in a base map incorporated by reference into ROW SC-20.

20.    ROW SC-20 contained an option for renewal for an additional term of twenty (20) years. Renewal required affirmative action by the BIA and the City, and formal consent by the Pueblo.

21.    The City never submitted an application to renew ROW SC-20 prior to its expiration, the Pueblo never consented to renewal of the right-of-way, and the BIA never granted a renewal.

22.    ROW SC-20 expired by its own terms on March 31, 2002.

23.    From the expiration of ROW SC-20 to the present, the City has continued to utilize the portions of its water and sewer facilities located on the Pueblo's lands in the continuing operation of the City's water and sewer systems.

24.    On July 30, 1984, exercising its authority under the ROW Act, the BIA granted the City ROW SC-50 across lands of the Pueblo "for Connection to existing Sewerline and for no other purpose."   ROW SC-50 encompassed "State Road 106 (McCurdy Road) a distance

of 848.70 feet between two existing manholes and 25′ to 30′ in width" as shown on the map attached to the grant.   A copy of the grant of easement issued to the City by the BIA for ROW SC-50 is attached as Exhibit 2.

25.    The term of ROW SC-50 was ten (10) years, beginning July 30, 1984, and expiring July 29, 1994.

26.    ROW SC-50 contained an option for renewal for an additional term of ten (10) years. Renewal required affirmative action by the BIA and the City, and formal consent by the Pueblo.

27.    The City never submitted an application to renew ROW SC-50 prior to its expiration, the Pueblo never consented to renewal of the right-of-way, and the BIA never granted a renewal.

28.    ROW SC-50 expired by its own terms on July 29, 1994.

29.    From the expiration of ROW SC-50 to the present, the City has continued to utilize the portions of its sewer facilities located on the Pueblo's lands in the continuing operation of the City's sewer system.

30.    For a number of years after expiration of ROW SC-20 and ROW SC-50, the Pueblo sought to engage the City in negotiations to resolve the issue of the expired rights-of-way. Eventually, the parties engaged in discussions, but did not reach an agreement to bring the rights-of-way into compliance with Federal law.

31.    On November 13, 2013, at the request of the Pueblo, the United States, acting through the Department of the Interior, Bureau of Indian Affairs, Southwest Region ("Southwest Region"), issued a *Notice to Show Cause* ("Notice") to the City concerning the trespasses.

32.    The Notice informed the City that its continuing use and occupation of the Pueblo's lands following the expiration of ROW SC-20 and ROW SC-50 constituted a trespass and

granted the City "thirty (30) days from receipt of the Notice to show cause why the City should not be immediately assessed trespass damages and why the City should not be evicted from the subject Pueblo lands."

33.   On January 21, 2014, the City submitted to the Southwest Region its *Response to Order to Show Cause re Alleged Trespass* ("Response").   The Response failed to show cause why the City should not be assessed trespass damages and evicted from the subject Pueblo lands.   Moreover, the Response incorporated by reference certain exhibits that explicitly acknowledged the ongoing trespass.

34.   To date, the City has not remedied its trespass by establishing that the City is, in fact, not in trespass, or by seeking to bring its water and sewer lines into conformity with the requirements of the ROW Act.

35.   The City's use and occupation of the land formerly known as ROW SC-20 and ROW SC-50, as described above, has been and continues to be knowing, intentional, willful, and contrary to Federal law.

## CAUSES OF ACTION

## Count I – Trespass

36.   The United States realleges each of the preceding paragraphs as though fully set forth herein.

37.   Since at least July 30, 1994, without authorization and legal right, the City has willfully occupied and used the Pueblo's lands described in ROW SC-50 and the facilities located thereon in the continuing operation of the City's sewer system.   Since at least April 1, 2002, without authorization and legal right, the City has willfully occupied and used the Pueblo's lands described in ROW SC-20 and the facilities located thereon in the continuing operation of the City's water and sewer systems.   As a result of its unauthorized and

continuing unlawful use, the City has committed and is now committing a continuing willful trespass on Pueblo land subject to Federal supervision, authority, and restrictions against alienation.

38.   As a direct and proximate result of the City's continuing willful trespass, the City has damaged and continues to damage the Pueblo and its land, and the governmental interests of the United States, and will continue to do so unless and until the trespass is remedied.

### Count II – Ejectment

39.   The United States realleges each of the preceding paragraphs as though fully set forth herein.

40.   Since at least July 30, 1994, without authorization and legal right, the City has willfully occupied and used the Pueblo's lands described in ROW SC-50 and the facilities located thereon in the continuing operation of the City's sewer system.   Since at least April 1, 2002, without authorization and legal right, the City has willfully occupied and used the Pueblo's lands described in ROW SC-20 and the facilities located thereon in the ongoing operation of the City's water and sewer systems.

41.   In the absence of valid grants of easement for right-of-way, the City continues to unlawfully use and occupy the Pueblo's land formerly denominated ROW SC-20 and ROW SC-50.   As a result of its unauthorized and continuing illegal occupation and use, the City has prevented and continues to prevent the Pueblo from enjoying and using its land, which is subject to Federal supervision, authority, and restrictions against alienation.

42.   The City has defied the authority of the United States, acting through the BIA, to administer the subject property under the ROW Act.   The City has refused to comply with the Southwest Region's requests that the City establish that it is not in trespass, remedy the trespass, or remove its utility lines from the subject property.   The City has stated and

repeatedly affirmed its intention to occupy and use the subject property in the absence of valid grants of easement for right-of-way.

43.     The City is presently acting in accordance with its expressed intentions as described above.

44.     The City's occupation and use of the Pueblo's land is unlawful, and as a direct and proximate result of that trespass, the City has damaged and continues to damage the Pueblo and its land, and the governmental interests of the United States, and will continue to do so unless and until the parties reach a negotiated resolution that allows the City's water and sewer lines to remain in place pursuant to the ROW Act or, if the parties are unable to reach such a negotiated resolution, unless and until the City's facilities are removed from the Pueblo's land.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, the United States of America, respectfully requests that the Court grant the following relief:

A.     Issue a Declaratory Judgment that the City's willful and continuing occupation and use of the subject property and operation of the water and sewer lines located thereon as part of the City's water and sewer systems without the authorization of the BIA and consent of the Pueblo pursuant to the ROW Act constitutes a continuing trespass;

B.     Issue a Judgment for mesne profits or monetary damages caused by the City's unauthorized and continuing use, occupancy, and disturbance of the subject property, including, without limitation, administrative costs, expenses of restoring and remediating the damaged and degraded property, and additions and accruals to date of judgment, multiplied as appropriate pursuant to NMSA 1978 §30-14-1.1(D);

C.      For pre- and post-judgment interest on all damages awarded from the date of filing of this Complaint until the Judgment is paid in full;

D.      If the parties are unable to reach a negotiated resolution that allows the City's water and sewer lines to remain in place pursuant to the ROW Act, issue an order ejecting the City from the subject property and permanently prohibiting the City from occupying or using the subject property and operating the water and sewer lines located thereon as part of the City's water and sewer systems;

E.      For costs of suit to the maximum extent permissible; and

F.      For all other and further relief this Court deems appropriate.


Dated:   May 6, 2016

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
DAMON P. MARTINEZ
United States Attorney
District of New Mexico

/s/
HOWARD R. THOMAS
Assistant United States Attorney
201 3rd Street, N.W., Suite 900
Albuquerque, New Mexico 87102
howard.thomas@usdoj.gov
(505) 224-1508

SAMUEL D. GOLLIS
Trial Attorney, Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
samuel.gollis@usdoj.gov
(303) 844-1351

**OF COUNSEL**:
STEPHANIE P. KIGER
Attorney- Advisor
Office of the Solicitor
Southwest Region
Department of the Interior
505 Marquette Ave. NW, Suite 1800
Albuquerque, New Mexico 87102

# EXHIBIT 1

UNITED STATES DEPARTMENT OF INTERIOR
BUREAU OF INDIAN AFFAIRS

Individually Owned _____

Tribal          __**XXX**__

## GRANT OF EASEMENT FOR RIGHT-OF-WAY   *NPA-84-SC-20*

**KNOW ALL MEN BY THESE PRESENTS:**

That the United States of America, Acting by and through the __**Superintendent, Northern**__

__**Pueblos Agency**_____, Bureau of Indian Affairs, Department of the Interior,

__**Santa Fe, New Mexico**_____, hereinafter referred to as "Grantor," under authority of the Secretary

of the Interior delegated by __**10 BIAM, 2.11**_____

pursuant to the provisions of the Act of February 5, 1948 (62 Stat. 17, 25 U.S.C. ¶323-328, and Part 161, Title

25, Code of Federal Regulations, in consideration of $ __**31,659.00**__ and other good and valuable consid-

eration, the receipt of which is acknowledeged, does hereby grant to __**The City of Espanola,**__

__**a Municipal Corporation**_____

_____ hereinafter referred to as "Grantee," an easement for the right-of-way for

__**the operation and maintenance of sewer and water lines in place and for no other**__
__**purposes.**__

_____ over, across, in and upon the following described lands located in the County of

__**Rio Arriba**_____, State of __**New Mexico**_____:

   **Four miles, more or less, of sewer and water lines located within the City of**

**Espanola, New Mexico.** Land situated in Sections 35 & 36, T. 21 N., R. 8 E., and
Sections 1, 2, 3, 10 and 11, T. 20 N., R. 8 E., N.M.P.M., within the Santa Clara
Pueblo Grant.
The said easement is limited to and more particularly described as:

1. In Northern Pueblos Agency Lease No. NPA-82-SC-28.

2. Santa Clara Pueblo base map outlining subject right-of-way, in above
   mentioned lease file.

   This easement is subject to any prior valid existing right or adverse claim and is __**for a term of**__
__**20 years beginning April 1, 1982, with an**__
__**option for an additional 20 years.**_____, so long as said easement shall be actually used for
the purpose above specified; PROVIDED, that this right-of-way shall be terminable in whole or in part
by the Grantor for any of the following causes upon 30 days' written notice and failure of the Grantee
within said notice period to correct the basis for termination (25 CFR 161.20):

The conditions of this easement shall extend to and be binding upon and shall inure to the benefit of the heirs, representatives, successors, and assigns of the Grantee.

IN WITNESS WHEREOF, Grantor has executed this grant of easement this _____ day of

MAR 1 4 1984 _____, 19____.

UNITED STATES OF AMERICA

By _____

Acting Superintendent
BIA/Northern Pueblos Agency
United States Department of the Interior
Bureau of Indian Affairs


## ACKNOWLEDGMENT

STATE OF *New Mexico*
COUNTY OF *Santa Fe* } ss:

Before me the undersigned, a Notary Public, in and for said County and State, on this _14th_ day of

_March_ , 19_84_ , personally appeared _Arthur Lincoln_

to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal the day and year last above written.

_Harriet J. Tafoya_
Notary Public

My Commission expires: _May 19, 1985_ .

# United States Department of the Interior

## BUREAU OF INDIAN AFFAIRS
### WASHINGTON, D. C. 20245

RECEIVED

716-1-84

84 MAR 30  AM: 49

LAND TITLES RECORDS
BUR INDIAN AFFRS
ALBUQ N MEX

IN REPLY REFER TO:

Real Estate Services
Tenure & Mgmt.

Memorandum

To:        Albuquerque Area Director

From:      Deputy Assistant Secretary – Indian Affairs (Operations)

Subject:   Waiver of 25 CFR 169.6 and 169.7—Santa Clara Pueblo

We have reviewed your memorandum of February 1, 1984, which requested a
waiver of the requirements of 25 CFR 169.6 and 169.7 in the matter of
the City of Espanola's water and sewer lines on Santa Clara Pueblo.  The
lines were constructed absent approval of tribal and Bureau officials;
and the recent agreement worked out among the tribe, the company and the
Bureau was predicated on a waiver of the above-referenced requirements.

Our review has indicated that the waiver would be in the best interest of
the Santa Clara Tribe; accordingly, pursuant to 25 CFR 1.2 the provisions
of 25 CFR 169.6 and 169.7 are waived.

/S/ John W. Fritz

cc:   Supt., Northern Pueblo Agency
      Governor, Santa Clara Pueblo

RECEIVED

MAR 5  1984

NORTHERN PUEBLOS AGENCY















# EXHIBIT 2

UN_ ED STATES DEPARTMENT OF 1. ERIOR
BUREAU OF INDIAN AFFAIRS

Individually Owned _____

- **Tribal**     Santa Clara Pueblo

## GRANT OF EASEMENT FOR RIGHT-OF-WAY

KNOW ALL MEN BY THESE PRESENTS:              *NPA-84-SC-50*

That the United States of America, Acting by and through the __Superintendent, Northern__

__Pueblos Agency_____, Bureau of Indian Affairs, Department of the Interior,

__Santa Fe, New Mexico_____, hereinafter referred to as "Grantor," under authority of the Secretary

of the Interior delegated by __10 BIAM  Albuquerque Area Redelegation Sec. 2.11 order 2,____

_____

pursuant to the provisions of the Act of February 5, 1948 (62 Stat. 17, 25 U.S.C. ¶323-328, and Part 161, Title

25, Code of Federal Regulations, in consideration of $125.00 fees_ and other good and valuable consid-

eration, the receipt of which is acknowledged, does hereby grant to The City of Espanola____

__P. O.  Drawer 37, Espanola, New Mexico  87532_____

_____ hereinafter referred to as "Grantee," an easement for the right-of-way for

__Connection to existing Sewerline and for no other purpose_____

_____ over, across, in and upon the following described lands located in the County of

__Rio Arriba_____, State of __New Mexico_____: Along State Road 106
(McCurdy Road) a distance of 848.70 feet between two existing manholes and 25' to 30'
in width. (See map attached hereto).

The said easement is limited to and more particularly described as: under the following conditions

1.  The Martinez Lane residence on the northside will allow Pueblo Assignees easements
to hook-up to the City of Espanola Sewerline installed on Martinez lane and should
be designated on a map following a field trip by the parties concerned, i.e., Mr.
Paul Tafoya, Mrs. Genevieve Gutierrez, Mr. Joseph F. Tafoya Jr., and Mrs. Marilyn
Willard (Edwin Tafoya's sister).

2.  The City of Espanola will allow installation of hook-up stubs at designated places
agreed to by the parties concern for future hook-ups at no charge (utility or hook-u
fees) by the City of Espanola and is the trade-off of such easements given.

This easement is subject to any prior valid existing right or adverse claim and is __for 10 years____

__with 10 year option for renewal_____, so long as said easement shall be actually used for
the purpose above specified; PROVIDED, that this right-of-way shall be terminable in whole or in part
by the Grantor for any of the following causes upon 30 days' written notice and failure of the Grantee
within said notice period to correct the basis for termination (25 CFR 161.20):

A.  Failure to comply with any term or condition of the grant or the applicable regulations.

The conditions of this easement shall extend to and be binding upon and shall inure to the benefit of the heirs, representatives, successors, and assigns of the Grantee.

IN WITNESS WHEREOF, Grantor has executed this grant of easement this __30__ day of __JULY__, 19 __84__.

UNITED STATES OF AMERICA

By _____

ACTING SUPERINTENDENT

United States Department of the Interior
Bureau of Indian Affairs

## ACKNOWLEDGMENT

STATE OF NEW MEXICO }
COUNTY OF SANTA FE } ss:

Before me the undersigned, a Notary Public, in and for said County and State, on this __30__ day of __JULY__, 19 __84__, personally appeared __ARTHUR F. LINCOLN, ACTING SUPERINTENDENT__

to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal the day and year last above written.

_____
Notary Public

My Commission expires: __MARCH 24, 1986__.

