IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br>v.<br>CITY OF ESPAÑOLA<br>*Defendant.* | MEMORANDUM OF LAW IN SUPPORT OF PUEBLO OF SANTA CLARA'S UNOPPOSED MOTION FOR LEAVE TO INTERVENE<br><br>Case No. 16-cv-00391-KBM-LAM |

The Pueblo of Santa Clara (the "Pueblo" or "Santa Clara"), by and through its undersigned counsel, submits this memorandum of law in support of its Unopposed Motion for Leave to Intervene. The Pueblo moves for intervention as of right under Fed. R. Civ. P. 24(a)(2), or alternatively requests that the Court grant permissive intervention under Fed. R. Civ. P. 24(b)(1)(B).

## BACKGROUND

Substantial portions of the City of Española's roadways, water lines, and sewer lines are located on Santa Clara Pueblo lands. Those roadways and certain segments of the City's utility lines have never been under valid easements. Prior easements that did cover some of the City's water and sewer lines expired more than ten years ago.

On May 6, 2016, the United States filed a complaint on its own behalf and in its capacity as trustee for the Pueblo against the City of Española, asserting claims

1

for trespass and ejectment. *See* Complaint, ECF Doc. 1, at 6-8 (May 6, 2016) (hereinafter, "U.S. Compl."). The United States' complaint addresses water and sewer lines on lands covered by the two utility line easements that had previously expired. The Pueblo hereby moves to intervene in this action as a plaintiff and seeks to file its Complaint in Intervention for Damages for Trespass (hereinafter, "Pueblo's Compl."), in the form attached to its Motion, asserting trespass claims for all City roadways and utility lines on Pueblo lands.

**ARGUMENT**

1. ***The Pueblo is Entitled to Intervention as of Right***

Federal Rule of Civil Procedure 24(a)(2) provides that upon a timely motion the Court must permit intervention into an action by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Tenth Circuit has summarized the requirements for intervention as of right as follows: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is [not] adequately represented by existing parties." *See United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (quotation marks omitted); *see also Utahns for Better Transp. v. U.S.*

2

*Dept. of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002). Each of these requirements is met in this case.

First, this motion is "timely" as it was filed shortly after the action was filed and before any scheduling order. *Albert*, 585 F.3d at 1391; *see also S2 Automation LLC v. Micron Tech., Inc.*, CIV 11-0884 JB/WDS, 2012 WL 3656462, *13 (D.N.M. Aug. 14, 2012) (motion to intervene timely because brought in early stages of litigation).

Second, the Pueblo claims an interest relating to the property that is the subject of the action because, as alleged in the United States' complaint, the Pueblo is the owner of the property at issue in this action. *See* U.S. Compl. at ¶¶ 1, 10-29; *see also State of New Mexico v. Aamodt*, 537 F.2d 1102, 1106 (10th Cir. 1976) (granting intervention as of right where "[t]he Pueblos claim an interest in the water which is the subject of the action").

Third, the Pueblo's interests may as a practical matter be impaired or impeded by this proceeding because judgments in actions brought by the United States on behalf of the Pueblo can be binding on the Pueblo. *See Arizona v. California*, 460 U.S. 605, 615 (1984); *see also Oneida Indian Nation of Wisconsin v. State of N.Y.*, 732 F.2d 261, 265 (2d Cir. 1984) ("there is a substantial likelihood that the claims and interests of the proposed intervenors concerning the disputed lands may be adversely affected at least by principles of stare decisis, arising out of the final judgment"); *S2 Automation LLC*, 2012 WL 3656462, at *14 (finding

litigation could impair intervenor's interest because property at issue potentially belonged to intervenor and because judgment could have res judicata or collateral estoppel effect on future litigation). Under the circumstances, the Pueblo wants the opportunity to be heard on these claims, and to make arguments and to assert claims that may not be made or asserted by the United States on the Pueblo's behalf.

Fourth, the Pueblo's interests are not adequately represented by the existing parties. The burden of establishing inadequate representation is a "minimal one of showing that representation may be inadequate." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) (quotation marks omitted); *see also Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Commission*, 578 F.2d 1341, 1346 (10th Cir. 1978) ("the possibility of divergence of interest need not be great" to show inadequate representation).

The Pueblo has no concerns whatsoever as to the competence, good faith or diligence of the attorneys for the United States in this action. But the Pueblo's interests here are not adequately represented by the United States because the Pueblo seeks to assert claims that are broader than those asserted by the United States. The United States' complaint relates only to water and sewer lines that were covered by two easements that have expired. *See* U.S. Compl. at ¶¶ 36-44. The Pueblo asserts claims for all roadways and utility lines on Pueblo lands, except for those few that have valid easements in existence. Pueblo Compl. at ¶¶ 4, 36-44. Due

4

to the broader scope of the Pueblo's claims, it is not adequately represented by the United States. *See S2 Automation*, 2012 WL 3656462, at *15 (finding intervenor inadequately represented because its interests were not identical to party to litigation and because intervenor may have different claims that it can bring); *Forest Guardians v. U.S. Dep't of Interior*, CIV-02-1003 JB/WDS, 2004 WL 3426413, *9 (D.N.M. Jan. 12, 2004) (finding inadequate representation where intervenor intended to assert legal arguments not asserted by government party); *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, No. CIV.A. 08-CV-00462-R, 2008 WL 6490406, *4 (D. Colo. May 1, 2008) (finding intervenor "not represented adequately" because intervenor's "primary interest in intervening here is alleging claims . . . that are not alleged by the Plaintiffs").

An additional reason that the Pueblo's interests are not adequately represented is that the United States' claims are potentially restricted by 28 U.S.C. § 2415(b), which imposes a 6-year and 90-day limitations period on continuing trespass claims brought by the United States on behalf of an Indian tribe. *See United States v. Hess*, 194 F.3d 1164, 1177 (10th Cir. 1999) (ruling that damages in trespass case brought by United States on behalf of tribe should be calculated from six years and ninety days prior to the filing of the complaint under Section 2415(b)). Section 2415(b) does not apply to trespass actions brought by the Pueblo. *See County of Oneida v. Oneida Nation of New York*, 470 U.S. 226, 240-44 (1985) (holding that "[t]here is no federal statute of limitations governing federal common-

law actions by Indians to enforce property rights" and that "Congress did not intend § 2415 to apply to suits brought by the Indians themselves"); *see also Washoe Tribe of Nevada v. Southwest Gas Corp.*, 2000 WL 665605, *1-*3 (D. Nev., Jan. 12, 2000) (finding that Section 2415(b) limitations period does not apply to trespass action brought by Indian tribe).[1] Accordingly, the Pueblo is not adequately represented by the United States because the Pueblo can assert broader claims and seek greater damages than would be permitted by the United States. *See S2 Automation*, 2012 WL 3656462, at *15 ("[Intervenor] has a right to be part of the case to protect its interests and bring claims that only it may have."); *JMA Energy Co. v. BJ Servs. Co., U.S.A.*, CIV-08-738-M, 2009 WL 1856216, *15 (W.D. Okla. June 26, 2009) (finding intervenor not adequately represented where intervenor would not recover damages if not permitted to intervene). The Pueblo also has expertise in the factual and legal history underlying this case which further militates in favor of intervention. *See Utahns for Better Transp.*, 295 F.3d at 1117 (finding inadequate representation, in part, because intervenor "can provide expertise the government agencies may be lacking").

---

[1] In a ruling that is not binding on this Court and directly contrary to Supreme Court precedent, the Ninth Circuit applied the statute of limitations in Section 2415 in a case brought by an Indian tribe. *See Capitan Grande Band of Mission Indians v. Helix Irrigation District,* 514 F .2d 465, 469-72 (9th Cir. 1975). This Court, however, is bound by the Supreme Court's decision in *Oneida Nation,* which held that Section 2415(b) does not apply to trespass actions brought by the Pueblo. 470 U.S. at 240-44; *see also Washoe Tribe of Nevada, 2000 WL 665605 at *3* (finding that *Oneida Nation* "must be seen to override" the Ninth Circuit's decision in *Capitan Grande Band of Mission Indians*).

The United States Supreme Court and the Tenth Circuit have both ruled that Indian tribes are entitled to intervene in actions in which the United States asserted claims on their behalf. *See Arizona*, 460 U.S. at 613-615 (allowing intervention of Indian tribes in action in which the United States asserted water rights on tribes' behalf); *Aamodt*, 537 F.2d at 1106 (finding pueblos entitled to intervention as of right in action in which United States asserted water claims on pueblos' behalf); *see also United States v. State of Mich.*, 471 F. Supp. 192, 203 (W.D. Mich. 1979) (tribe permitted to intervene in action brought by United States to protect tribe's fishing rights); As the Supreme Court has recognized, the participation of Indian tribes in "litigation critical to their welfare should not be discouraged," and tribes are entitled to "take their place as independent qualified members of the modern body politic." *Arizona*, 460 U.S. at 615. Accordingly the Pueblo is entitled to intervene as of right in this case.

2. *The Pueblo is Entitled to Permissive Intervention*

In the alternative, the Pueblo seeks permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which allows intervention upon a "timely motion," by anyone who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*.

7

As described above, this motion is timely because it was filed shortly after the action was filed and before any scheduling order. *Albert*, 585 F.3d at 1391; *see also S2 Automation LLC*, 2012 WL 3656462, at *16 (motion to intervene timely because brought in "early stages of litigation").

Additionally, the claims and defenses asserted by the Pueblo have questions of law and fact in common with the claims asserted by the United States. The Pueblo seeks to enforce the same rights regarding the same land as the United States, and the Pueblo will be bound by a judgment of the claims brought by the United States on the Pueblo's behalf. *See Arizona*, 460 U.S. at 615. To the extent that the Pueblo asserts claims that are broader than the claims asserted by the United States, these claims arise from the same factual circumstances and involve the same questions of law regarding the Pueblo's ownership of the land and the impermissibility of the City of Española's continued trespass on this land.

Finally, intervention in this case will not cause undue delay or prejudice. The Pueblo has not disrupted the proceedings "by unduly delaying in filing its motion to dismiss." *See S2 Automation LLC*, 2012 WL 3656462, at *17. It would also be a waste of judicial resources to require the Pueblo to litigate claims that have not been asserted by the United States in a separate proceeding. *See id.* (judicial efficiency "counsels in favor of permitting intervention"). Furthermore, the Pueblo's understanding of the factual and legal history of the issues in dispute further favors intervention. *See Forest Guardians*, 2004 WL 3426413, at *11 (granting permissive

8

intervention, in part, because intervenor was potentially "better situated to develop the underlying factual issues in this matter" and to provide the Court with a "thorough understanding" of the agreements at issue). The Pueblo should therefore be permitted to intervene. *See Arizona*, 460 U.S. at 615 (finding "at a minimum" tribes satisfied standards for permissive intervention in action where United States asserted water rights on the tribes' behalf).

**CONCLUSION**

For the foregoing reasons, the Pueblo respectfully requests that this Court grant its motion intervene and allow the Pueblo to file its Proposed Complaint in Intervention for Trespass.

Respectfully submitted,

Dated: June 3, 2016
/s/ Richard W. Hughes
Richard W. Hughes
Donna M. Connolly
Reed C. Bienvenu
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU LLP
P.O. Box 8180; 1215 Paseo de Peralta
Santa Fe, Mexico 87504
Tel.: 505-988-8004
rwhughes@rothsteinlaw.com
dconnolly@rothsteinlaw.com
rbienvenu@rothsteinlaw.com

*Attorneys for Proposed Plaintiff-Intervenor*