IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

PUEBLO OF SANTA CLARA,

    *Plaintiff-Intervenor*,

v.

CITY OF ESPAÑOLA,

    *Defendant,*

and                                                   Case No. 1:16-CV-00391 JH-LAM

CITY OF ESPAÑOLA,

    *Counterclaimant,*

v.

UNITED STATES OF AMERICA and
PUEBLO OF SANTA CLARA,

    *Counter-defendants.*

## AMENDED ANSWER TO COMPLAINT [DOC. 1] AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW defendant City of Española (the "Defendant") by and through its attorneys, Coppler Law Firm, P.C. (Gerald A. Coppler), and pursuant to FED.R.CIV.P. 15(a)(1) and 13 hereby files an amended answer to Plaintiff's *Complaint* [Doc.1] (the "Complaint"), filed herein on May 6, 2016 and asserts a counterclaim for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202.

## INTRODUCTION

1. The allegations contained in paragraph 1 of the Complaint are a purported summary of the nature of the Complaint. To the extent there are factual averments therein requiring a response, Defendant denies them.

2. With regard to the allegations contained in paragraph 2 of the Complaint, the referenced rights-of-way speak for themselves. To the extent there are factual averments therein requiring a response, Defendant admits them. However, the exhibits attached to the Complaint are not complete copies of the referenced rights-of-way documents and portions of the exhibits are illegible.

3. Defendant denies the allegations contained in the last sentence of paragraph 3 of the Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint concerning renewal applications and, therefore, denies them. As to the remaining allegations contained in paragraph 3 of the Complaint, the referenced ROW's speak for themselves.

4. The allegations contained in paragraph 4 of the Complaint are a purported summary of the remedies sought by Plaintiff. To the extent there are factual averments therein requiring a response, Defendant denies them.

## JURISDICTION AND VENUE

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

## PARTIES

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

**FACTS**

10. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13. With regard to the allegations contained in paragraph 13 of the Complaint, Defendant admits that a portion of the City, as originally incorporated, lies within the boundaries of the Pueblo of Santa Clara and, in turn, a portion of the Pueblo lies within the boundaries of the City. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14. Defendant admits the allegations contained in the last sentence of paragraph 14 of the Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and, therefore, denies them.

16. The allegations contained in paragraph 16 of the Complaint are an attempt to draw legal conclusions and, therefore, need not be admitted or denied. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and, therefore, denies them.

17. With regard to the allegations contained in paragraph 17 of the Complaint, ROW SC-20 speaks for itself. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them. Moreover, the exhibits attached to the Complaint are not complete copies of the referenced rights-of-way documents and portions of the exhibits are illegible.

18. With regard to the allegations contained in paragraph 18 of the Complaint, ROW SC-20 speaks for itself and the allegations are an attempt to draw legal conclusions. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19. With regard to the allegations contained in paragraph 19 of the Complaint, ROW SC-20 speaks for itself. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

In addition the maps attached in Exhibit 1 to the Complaint are illegible and, moreover, the claimed location of water and sewer lines is referenced in a lease that was attached to and incorporated in the ROW, but was not included in Exhibit 1 to the Complaint.

20. With regard to the allegations contained in paragraph 20 of the Complaint, ROW SC-20 speaks for itself and the allegations are an attempt to draw legal conclusions. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

22. With regard to the allegations contained in paragraph 22 of the Complaint, ROW SC-20 speaks for itself and the allegations are an attempt to draw a legal conclusion and, therefore, no response is required.

23. With regard to the allegations contained in paragraph 23 of the Complaint, Defendant admits that it has continued to utilize its water and sewer facilities located within the boundaries of the Pueblo in its continuing operation of its water and sewer systems to serve all of its customers including the Pueblo and Pueblo members since and prior to March 31, 2002.

24. With regard to the allegations contained in paragraph 24 of the Complaint, ROW SC-50 speaks for itself. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and, therefore, denies them. Moreover, portions of Exhibit 2 attached to the Complaint are illegible.

25. With regard to the allegations contained in paragraph 25 of the Complaint, ROW SC-20 speaks for itself. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and, therefore, denies them.

26. With regard to the allegations contained in paragraph 26 of the Complaint, ROW SC-20 speaks for itself and the allegations are an attempt to draw legal conclusions. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and, therefore, denies them.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and, therefore, denies them.

28. With regard to the allegations contained in paragraph 28 of the Complaint, ROW SC-20 speaks for itself and the allegation is an attempt to draw a legal conclusion. To the extent there are factual averments therein requiring a response, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and, therefore, denies them. In addition the map in Exhibit 2 attached to the Complaint is illegible.

29. With regard to the allegations contained in paragraph 29 of the Complaint, Defendant admits that it has continued to utilize its water and sewer facilities located within the boundaries of the Pueblo in its continuing operation of its water and sewer systems to serve all of its customers including the Pueblo and Pueblo members since and prior to July 29, 1994.

30. With regard to the allegations contained in paragraph 30 of the Complaint, Defendant admits that it, in good faith, engaged in discussions with the Pueblo concerning the Pueblo's claim that the City was trespassing on Pueblo land and admits that no agreement resulted from said discussions. Defendant denies the allegation or implication that it is in violation of Federal law and denies the remaining allegations contained in paragraph 30 of the Complaint.

31. With regard to the allegations contained in paragraph 31 of the Complaint, Defendant admits that it received the Notice which speaks for itself. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation concerning at whose request the Notice was issued and, therefore, denies it. Defendant denies the allegation or implication that the City was or is in trespass.

32. With regard to the allegations contained in paragraph 32 of the Complaint, Defendant states that the Notice speaks for itself and denies the allegation or implication that the City was or is in trespass.

33. With regard to the allegations contained in paragraph 33 of the Complaint, Defendant admits that it submitted the Response which speaks for itself. Defendant denies the allegation that the Response failed to show cause or that it admitted an ongoing trespass. To the contrary, Defendant denies it is engaged in an ongoing trespass.

34. With regard to the allegations contained in paragraph 34 of the Complaint, Defendant denies the allegation that it is in trespass.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## CAUSES OF ACTION

### Count I – Trespass

36. Defendant re-alleges by reference each and every response contained in paragraphs 1 through 35 and incorporates the same herein as though fully set forth herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

### Count II – Ejectment

39. Defendant re-alleges by reference each and every response contained in paragraphs 1 through 38 and incorporates the same herein as though fully set forth herein.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies each and every allegation in the Complaint not specifically admitted by it in this answer.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. On the claim of ejectment, the State of New Mexico, Department of Transportation ("NMDOT"), is a necessary and indispensable party as its consent and cooperation would be required.

3. All or a portion of Defendant's water and sewer lines at issue herein are located in New Mexico State Highway rights-of-way and, accordingly, said water and sewer lines are not in trespass.

4. By contract, Defendant's water and sewer lines located in ROW SC-20 cannot be ejected pursuant to paragraph 18 of the Lease referenced and incorporated in ROW SC-20 (Exhibit 1 to the Complaint). A copy of said Lease is attached hereto as Exhibit A to this Answer.

5. Consent.

6. Acquiescence.

7. Permission.

8 Invitation.

9. Implied license.

10. Set-off.

11. Recoupment.

12. Defendant reserves the right to rely upon such other defenses as may become known or available during discovery, or otherwise, in this case and hereby reserves the right to amend this answer to include such defenses.

WHEREFORE, Defendant asks this Court to enter its order dismissing the Complaint with prejudice, together with costs of suit, attorney's fees if applicable, and to grant any further relief as the Court deems just and proper under the circumstances.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant/Counterclaimant, City of Española, New Mexico, a municipal corporation, by and through its undersigned attorneys, counterclaims for declaratory judgment against Plaintiff/Counter-Defendant United States of America (the "United States") as follows:

### INTRODUCTION

Santa Clara Pueblo (the "Pueblo"), Spanish settlers and other non-Indian residents of New Mexico have long lived together in the Española Valley. The City of Española (the "City"), a municipal corporation, was incorporated in 1925 and, at that time, it was believed that portions of Santa Clara Pueblo could be and were incorporated into the City. However, in 1961, the New Mexico Supreme Court held that a parcel of land leased from Santa Clara Pueblo as a matter of law could not be annexed within the corporate limits of the City. *See*, ***Your Food Stores, Inc. v. Village of Espanola***, 1961-NMSC-041, ¶ 27, 68 N.M. 327 ("two self-governing bodies cannot have dual and coexistent jurisdiction and control within the same territory at the same time"). It follows that Santa Clara Pueblo land previously believed to lie within the corporate boundaries are not, in fact, located within the corporate boundaries and jurisdiction of the City. The relationship between the municipal government, the government of Santa Clara Pueblo, and the United States of America, for itself and as trustee for the Pueblo, have clarified this reality and established that the City has no governmental authority regarding Pueblo land previously believed to be within the City. No taxes are paid to the City from the Pueblo or lessees of Pueblo land and City regulation of such lands for the health, safety and welfare of the people of the City are rejected by the Pueblo and the United States. On information and belief, the Pueblo collects taxes, including local government gross receipts taxes, from the occupants of Pueblo land and such taxes are not shared with or rendered to the City. While the City formerly believed portions

of the Pueblo's land were located within the boundaries and jurisdiction of its incorporated municipality, the legal reality is that the incorporated City and sovereign Pueblo merely share a common border.

The City has long provided municipal services such as water and sewer service, law enforcement, fire and emergency medical services, infrastructure construction and maintenance services, and other municipal services to areas lying within the Pueblo's land.  Such services, to the extent they are not completely funded by user fees, are paid for by the tax-paying residents of the City.  It is not reasonable for the City to continue to fund and provide municipal services on Pueblo lands and to do so may violate the anti-donation clause of the State constitution.  The City, therefore, seeks the Court's declaration establishing the legal relationship between the City, the United States and the Pueblo regarding Pueblo land formerly believed to be within the City's boundaries and establishing that the City is neither obligated nor empowered to continue providing municipal services on Pueblo land unless pursuant to a valid written contract between the City and the Pueblo.

## PARTIES

1. The City is a New Mexico Municipal Corporation located in the counties of Rio Arriba and Santa Fe, in the State of New Mexico.

2. The United States is the sovereign national government of this country and through the United States Department of the Interior, Bureau of Indian Affairs, is the trustee for the Pueblo and its lands at issue herein.

3. The Pueblo is a federally recognized Indian tribe eligible for funding and services from the United States and a dependent sovereign government.  Its lands are located in the counties of Rio Arriba and Santa Fe, in the State of New Mexico.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (Supplemental Jurisdiction). In addition, this Court has jurisdiction over this action because sovereign immunity has been waived herein because this action: (1) asserts claims and seeks relief based on issues asserted by the United States in its Complaint, (2) asserts claims arising from the same transaction or occurrence, (3) seeks relief of the same kind or nature, and (4) does not seek relief in excess of the recovery sought by the Plaintiff in the Complaint. Declaratory judgments are authorized under 28 U.S.C. §§ 2201-2202.

5. Venue properly lies in this District under 28 U.S.C. § 1391(b), as the subject property is located in the counties of Rio Arriba and Santa Fe, in the State of New Mexico and the transactions or occurrences giving rise to the claims in the Complaint and this Counterclaim arose in the counties of Rio Arriba and Santa Fe, in the State of New Mexico.

## FACTS

6. Portions of the Pueblo lie within the area incorporated as the City in 1925.

7. Title to certain Pueblo lands within the City has been quieted in either the Pueblo or the United States.

8. The Pueblo has sovereign authority over its own lands and municipal ordinances do not apply on those lands.

9. The City has no regulatory or enforcement authority on the lands owned by the Pueblo or held in trust on behalf of the Pueblo (collectively "Pueblo Lands"), whether located within or without the City's boundaries.

10. Neither the Pueblo, nor occupants of Pueblo Lands in the City pay property or gross receipts taxes to the City.

11. On information and belief, persons doing business on Pueblo Lands in the City pay gross receipts taxes to the Pueblo.

12. Nevertheless, the Pueblo and occupants of Pueblo Lands in the City regularly request and the City provides municipal services to the Pueblo and those occupants including, but not limited to: water, sewer, law enforcement, fire, and emergency medical services, which to the extent not paid for by user fees, are funded by taxes paid by the non-Pueblo residents and businesses in the City.

13. The City also maintains all roads in the municipality that are not county, state or federal highways, whether or not located on Pueblo Lands. The Pueblo does not pay for road maintenance provided by the City.

14. Neither federal nor State law permits a municipality to condemn Indian land to bring such land into the municipality or to subject it to municipal jurisdiction.

15. Pueblo Lands lying within the boundaries of the City are neither legally nor functionally part of the incorporated municipality of Española.

16. On information and belief, there are no valid written contracts requiring the City to provide municipal services on Pueblo Lands.

17. Because: (1) the Pueblo is an independent sovereign not subject to the City's jurisdiction; (2) the Pueblo, as a sovereign, does not pay taxes to the City but, instead, collects governmental taxes from occupants on its lands; (3) the City is powerless to exercise its governmental functions over sovereign Pueblo Lands or activities thereon; and (4) the United States and the Pueblo demand the provision of municipal services by the City on Pueblo Lands, the City seeks the Court's declaration:

(a) Establishing the location of the common physical boundary(ies) between the City and the Pueblo;

(b) as a matter of law, notwithstanding the City's incorporation in 1925, the municipal boundaries of the City of Española do not extend onto Pueblo Lands;

(c) the City has no jurisdiction, authority, right, duty, power or obligation to exercise its statutory municipal power, granted it by the State of New Mexico, on Pueblo Lands;

(d) the City has no duty or obligation to provide municipal services on Pueblo Lands unless required to do so by a valid written contract;

(e) neither the United States, the Pueblo nor occupants on Pueblo Lands have a right under the Constitution or laws of the United States or the State of New Mexico to demand the provision of municipal services by the City, except as required by a valid written contract; and

(f) pursuant to the doctrine of recoupment, the damages sought by the United States should be defeated or diminished by the value of municipal services provided to the Pueblo or on Pueblo Lands, for which the Pueblo has not fully compensated the City.

## PRAYER FOR RELIEF

WHEREFORE, the City respectfully requests declaratory judgment as set forth in ¶ 17 above and such further relief as the Court deems just and appropriate.

## JURY DEMAND

Pursuant to FED.R.CIV.P. 38 and 48, Defendant hereby demands a jury of at least six (6) and no more than twelve (12) persons on all claims in the Complaint and in the Counterclaim triable by jury.

Respectfully Submitted,

COPPLER LAW FIRM, P.C.

/s/ Gerald A. Coppler
Gerald A. Coppler
645 Don Gaspar Avenue
Santa Fe. New Mexico  87505
Attorneys for Defendant
Tele:  (505) 988-5656

## Certificate of Service

I HEREBY CERTIFY that on the 1st day of August, 2016, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record and parties *pro se* to be served by electronic mail, fax, or USPS, as more fully reflected in the Notice of Electronic Filing.

/s/ Gerald A. Coppler

T:\GAC\PLEADING\410473.2016-08-01 Answer and Counterclaim to Complaint by USA