IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Counter-Defendant,

PUEBLO OF SANTA CLARA,

    Plaintiff-Intervenor/Counter-Defendant

v.

CITY OF ESPANOLA, a New Mexico
Municipal Corporation,

    Defendant/Counter-Claimant

and                                               Cause No.: 1:16-CV-00391 JCH/LAM

CITY OF ESPANOLA, a New Mexico
Municipal Corporation,

    Third-Party Plaintiff,

v.

ONEBEACON SPECIALTY INSURANCE COMPANY,
ATLANTIC SPECIALTY INSURANCE COMPANY,
And DANIELS INSURANCE AGENCY, INC.,

    Third-Party Defendants.

**THIRD PARTY DEFENDANTS ONE BEACON SPECIALITY INSURANCE COMPANY'S and ATLANTIC SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

THIRD PARTY DEFENDANTS ONE BEACON SPECIALITY INSURANCE COMPANY, and ATLANTIC SPECIALTY INSURANCE COMPANY, (collectively "One Beacon"), by and through their attorneys, Felker, Ish, Ritchie & Geer, P.A., (Carol J. Ritchie and Mark L. Ish), submit the following Answer to the Complaint for Declaratory Judgment.

1. In response to paragraph 1 of the Third Party Complaint One Beacon admits Third Party Plaintiff is seeking declaratory relief with respect to the terms of an insurance policy issued by One Beacon, but One Beacon denies any obligation to defend or indemnify Third Party Plaintiff with respect to the claims pending against it as alleged in.

2. One Beacon is without sufficient information or knowledge to admit or deny the allegations in paragraph 2 of the Third Party Complaint and therefore denies the same.

3. One Beacon admits the allegations stated in paragraph 3 of the Third Party Complaint.

4. One Beacon admits the allegations stated in paragraph 4 of the Third Party Complaint.

5. One Beacon is without sufficient information or knowledge to admit or deny the allegations in paragraph 5 of the Third Party Complaint and therefore denies the same.

6. One Beacon admits the allegations stated in paragraph 6 of the Third Party Complaint.

7. One Beacon admits the allegations stated in paragraph 7 of the Third Party Complaint.

8. One Beacon admits the allegations stated in paragraph 8 of the Third Party Complaint.

9. In response to paragraph 9 of the Third Party Complaint, One Beacon re-alleges its responses to paragraphs 1 through 8.

10. One Beacon admits the allegations stated in paragraph 10 of the Third Party Complaint.

11. One Beacon admits the allegations stated in paragraph 11 of the Third Party Complaint.

12. One Beacon admits the allegations stated in paragraph 12 of the Third Party Complaint.

13. In response to paragraph 13 of the Third Party Complaint, One Beacon admits Third Party Plaintiff has been named as a defendant in a complaint filed by the United States of America, for itself and the Pueblo of Santa Clara, and that, among other claims, that complaint alleges trespass by Third Party Plaintiff on property owned by Santa Clara Pueblo. One Beacon further denies any allegations contained in paragraph 13 that are inconsistent with the allegations of that complaint.

14. In response to paragraph 14 of the Third Party Complaint, One Beacon admits Third Party Plaintiff has been named as a defendant in a complaint in intervention filed by the Pueblo of Santa Clara, and that, among other claims, that complaint alleges trespass by Third Party Plaintiff on property owned by Santa Clara Pueblo. One Beacon further denies any allegations contained in paragraph 14 that are inconsistent with the allegations of that complaint.

15. One Beacon denies the allegations stated in paragraph 15 of the Third Party Complaint.

16. In response to paragraph 16 of the Third Party Complaint, One Beacon admits that Third Party Plaintiff has demanded a defense and indemnification, but denies the remaining allegations of the paragraph.

17. One Beacon admits the allegations stated in paragraph 17 of the Third Party Complaint.

18. In response to paragraph 18 of the Third Party Complaint, One Beacon denies it wrongfully denied Third Party Plaintiff's demand for a defense and indemnification with respect to the claims made by the United States of America and Santa Clara Pueblo. One Beacon requests a declaration affirming that it has not duty to defend or indemnify Third Party Plaintiff with respect to the claims made by the United States of America and Santa Clara Pueblo.

## AFFIRMATIVE DEFENSES

1. Third Party Plaintiff's Complaint fails to state a claim against One Beacon for which relief can be granted.

2. The complaints filed against Third Party Plaintiff by the United States of America and Santa Clara Pueblo do not allege claims and/or damages that would be covered under the terms of the insurance policy issued by One Beacon to Third Party Plaintiff.

3. The allegations of the complaints filed against Third Party Plaintiff by the United States of America and Santa Clara Pueblo, if proven true, would trigger exclusions contained in the policy issued by One Beacon to Third Party Plaintiff, thereby excluding in whole the claims and/or damages sought.

4. The events giving rise to the claims stated in the complaints filed against Third Party Plaintiff occurred prior to the inception of any insurance policy issued by One Beacon to Third Party Plaintiff. Therefore, there is no coverage available to Third Party Plaintiff under the policy.

5. Third Party Plaintiff has failed to allege damages with particularity.

6. Third Party Plaintiff has failed to allege grounds that would allow for an award of attorneys fees against One Beacon.

WHEREFORE having fully answered the allegations of the Complaint, Third Party Defendants One Beacon Specialty Insurance Company and Atlantic Specialty Insurance Company request this Court enter its judgment declaring that there is no duty to indemnify or defend Third Party Plaintiff with respect to the claims made and damages sought by the complaints filed by the United States of American and Santa Clara Pueblo against Third Party Plaintiff, and for such other relief as the Court deems proper.

Respectfully submitted:

*/s/ Carol J. Ritchie*
Carol J. Ritchie
Mark L. Ish
Felker, Ish, Ritchie & Geer P.A.
911 Old Pecos Trail
Santa Fe, NM 87505
(505) 988-4483
cjrish84@hotmail.com

### Certificated of Service

The undersigned hereby certifies that the foregoing document was filed electronically through the CM/ECF system on April 24, 2017, which caused all counsel of record andparties *pro se* to be served by electronic mail, fax, or USPS, as more fully reflected in the Notice of Electronic Filing.

*/s/ Carol J. Ritchie*
Carol J. Ritchie