UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Counter-Defendant,

PUEBLO OF SANTA CLARA

    Plaintiff-Intervenor/Counter-Defendant,

v.

CITY OF ESPANOLA, a New Mexico
Municipal Corporation,

    Defendant/Counter-Claimant,

and                                                      No. 1:16-CV-00391 JCH-LAM

CITY OF ESPANOLA, a New Mexico
Municipal Corporation,

    Third Party Plaintiff,

    v.

ONCEBEACON SPECIALTY INSURANCE COMPANY,
ATLANTIC SPECIALTY INSURANCE COMPANY,
and DANIELS INSURANCE AGENCY, INC.

    Third-party Defendants.

### DANIELS INSURANCE AGENCY, INC.'S ANSWER TO CITY OF ESPANOLA'S THIRD PARTY COMPLAINT AGAINST INSURERS FOR DECLARATORY JUDGMENT

Third Party Defendant Daniels Insurance Agency, Inc. ("Daniels"), by and through its counsel of record, Rodey, Dickason, Sloan, Akin & Robb, P.A., for its answer to Third Party Plaintiff's Complaint Against Insurers for Declaratory Judgment ("Third Party Complaint") states as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. In response to the allegations in Paragraph 1 of the Third Party Complaint, Daniels admits that Third Party Plaintiff is seeking declaratory relief for a defense and indemnity under an insurance policy.

2. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Third Party Complaint and thus denies the same.

3. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Third Party Complaint and thus denies the same.

4. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Third Party Complaint and thus denies the same.

5. In response to the allegations in Paragraph 5 of the Third Party Complaint, Daniels admits that it is registered as an insurance producer and surplus line broker with the New Mexico Office of Superintendent of Insurance with its registered office located at 300 N. Linam, Hobbs, New Mexico, 88240.  Daniels further admits that it has offices in Santa Fe, Albuquerque and Hobbs, New Mexico.  Daniels also admits that it sells public entity risk insurance in the State of New Mexico.  Daniels denies the remaining allegations in Paragraph 5 of the Third Party Complaint.

6. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Third Party Complaint and thus denies the same.

7. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Third Party Complaint and thus denies the same.

8. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Third Party Complaint and thus denies the same.

**FACTS**

9. In response to Paragraph 9 of the Third Party Complaint, Daniels incorporates its responses to Paragraphs 1 through 8 as if fully stated herein

10. In response to the allegations in Paragraph 10 of the Third Party Complaint, Daniels admits that it was involved in the sale and placement of the policy at issue. In regards to the remaining allegations in Paragraph 10 of the Third Party Complaint, Daniels denies that it is an insurer and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Third Party Complaint and thus denies the same.

11. In response to the allegations in Paragraph 11 of the Third Party Complaint, Daniels admits that it was involved in the sale and placement of the policy at issue. Daniels is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Third Party Complaint and thus denies the same.

12. Daniels admits the allegations in Paragraph 12 of the Third Party Complaint.

13. Daniels admits the allegations in Paragraph 13 of the Third Party Complaint.

14. Daniels admits the allegations in Paragraph 14 of the Third Party Complaint.

15. In response to the allegations in Paragraph 15 of the Third Party Complaint, Daniels denies that it is an insurer or that it promised to defend and indemnify the Third Party Defendant against the claims brought by the United States of America and the Pueblo of Santa Clara. Daniels is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Third Party Complaint and thus denies the same.

16. Daniels is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Third Party Complaint and thus denies the same.

17. In response to the allegations in Paragraph 17 of the Third Party Complaint, Daniels denies that it is an insurer. Daniels is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Third Party Complaint and thus denies the same.

18. In response to the allegations in Paragraph 18 of the Complaint, Daniels denies that it is an insurer and states that it has no duty to indemnify or defend Third Party Plaintiff. Daniels is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Third Party Complaint and thus denies the same.

Further, Daniels denies that the Third Party Plaintiffs are entitled to recover from Daniels any of the relief claimed in the "WHEREFORE" paragraph following Paragraph 18 of the Third Party Complaint, and Daniels denies that there is any proper evidence showing conduct by Daniels entitling Third Party Plaintiffs to any relief in any form whatsoever from Daniels.

## **DEFENSES**

1. All allegations of the Third Party Complaint not expressly admitted in this Answer are denied.

2. The Third Party Complaint fails to state claims upon which relief may be granted.

3. Any claims for recovery should be barred or reduced based on Third Party Complainants' failure to mitigate their claimed damages.

4. If Daniels was negligent or liable, which is specifically denied, then the negligence or liability of Daniels should be compared to the negligence or liability of the Third Party Plaintiffs, and of individuals and entities other than Daniels, and any recovery against Daniels reduced accordingly.

5. Daniels reserves the right to assert any additional defense of which it may learn through discovery and further reserves the right to adopt and assert any defenses raised or asserted by other defendants, if any, to this action.

Wherefore, Daniels requests that this Court dismiss the Third Party Complaint with prejudice, and that Daniels be awarded its costs, expenses, interest, expert witness fees, and such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
      Jeffrey M. Croasdell
      Tyler M. Cuff
      P.O. Box 1888
      Albuquerque, NM 87103
      Telephone: (505) 765-5900
      Facsimile: (505) 768-7395
      Email: jcroasdell@rodey.com
             tcuff@rodey.com

## CERTIFICATE OF SERVICE

I hereby certify a copy of this pleading was served via the court's electronic docket this 8th day of August, 2017.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:_____
     Jeffrey M. Croasdell
     Tyler Cuff